■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BRAMBLE, Appellant. [612 NYS2d 833] —Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at suppression hearing; Thomas B. Galligan, J., at jury trial and sentence), rendered January 10, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to a term of 8⅓ to 25 years in prison, unanimously affirmed.

The People concede that the defendant was in custody when he made a second statement to the arresting officers concerning the knife used to stab the victim and its whereabouts in his apartment. Therefore it was error to deny suppression of that second statement as it was made while the defendant was in custody prior to his being given the *Miranda* warnings *(Miranda v Arizona,* 384 US 436). Since the knife was located as a result of that statement it should have been suppressed as well *(People v Knapp,* 57 NY2d 161, *cert denied* 462 US 1106). However, reversal is not required under the circumstances of this case where defendant raised a justification defense in which he admitted that he stabbed the victim with the knife in question. Any other error which is perceived by virtue of the admission of the portion of the defendant's statement in which he stated that he washed the knife in

question before replacing it in his kitchen, was harmless given the other evidence properly before the jury in this case *(People v Crimmins,* 36 NY2d 230). We have reviewed the other arguments raised by the defendant and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.