■ In the Matter of ANDRE STRICKLAND, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [713 NYS2d 505] —Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 22, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, having been convicted of murder in the second degree for using an illegal handgun to kill an unarmed stranger in the elevator in petitioner's apartment building, is serving an indeterminate term of seven years to life. Petitioner, who stated he was intoxicated at the time, shot the victim because he "moved" on him. Petitioner was denied parole release in 1997 and again appeared before the Board of Parole for an interview on March 16, 1999. This application was also denied and the Board's decision affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding which Supreme Court dismissed, prompting this appeal.

We affirm. The Parole Board's action is deemed to be a judicial function and is unreviewable if done in accordance with law (*see,* Executive Law § 259-i [5]; *see also, Matter of Anthony v New York State Div. of Parole,* 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183). Our review of the record, contrary to petitioner's argument, convinces us that the Board considered all relevant statutory factors in denying petitioner's parole request, and thus the determination was done in accordance with law. Notably, the Board is not required to expressly discuss each of the statutory factors in its determination (*see, Matter of Faison v Travis,* 260 AD2d 866, *appeal dismissed* 93 NY2d 1013). Moreover, petitioner has failed to demonstrate that the determination was affected by irrationality bordering on impropriety, and thus we find no reason to disturb the Board's discretionary decision that parole release would not be appropriate at this time (*see, id.*).

Cardona, P. J., Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.