■ In the Matter of ROBERT COLLADO, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [731 NYS2d 680] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 15, 2000 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison term of 5 to 15 years arising out of his 1994 conviction of the crime of manslaughter in the first degree. The Board of Parole denied petitioner's request to be released based on, *inter alia*, the Board's perception that, if released, he would be unlikely to "live and remain at liberty without violating the law," thereby posing a threat to the community. The Board focused specifically on the violent and serious nature of the crime that led to petitioner's incarceration.

Petitioner commenced this CPLR article 78 proceeding to challenge the Board's determination and now appeals from Supreme Court's judgment dismissing his petition. We affirm. "Determinations rendered by the [Board] are discretionary and are generally not subject to judicial review if made in accordance with the requirements of the statutory guidelines" (*Matter of Dudley v Travis*, 227 AD2d 863, *lv denied* 88 NY2d 812 [citations omitted]; *see*, Executive Law § 259-i [5]). We find that the statutory requirements were met here (*see*, Executive Law § 259-i [2]). While the Board emphasized the serious nature of petitioner's crime, it is not required to give the same weight to every statutory factor or to expressly discuss each of them in its decision (*see*, *Matter of Rodriguez v Travis*, 283 AD2d 699; *see also*, *Matter of Morales v Travis*, 260 AD2d 710). As the Board's determination was neither irrational nor arbitrary and capricious, it will not be disturbed. Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.