■ In the Matter of LARRY K. HENDERSON, Appellant, v NEW YORK STATE DIVISION. OF PAROLE, Respondent. [743 NYS2d 198] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 31, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was sentenced to concurrent prison terms totaling 6 to 18 years following his 1993 conviction of the crimes of attempted murder in the second degree and assault in the first degree (two counts). The Board of Parole denied petitioner's second and most recent request for parole release based upon, inter alia, its perception that his release would be incompatible with the welfare and safety of the community. In arriving at this determination, the Board noted the serious nature of the crimes which led to petitioner's incarceration, i.e., petitioner shot his former lover with a shotgun, leaving the victim badly injured and in need of hospitalization for a period of four months. Petitioner commenced this CPLR article 78 proceeding seeking review of the Board's decision. Supreme Court subsequently dismissed the petition and this appeal ensued.

Petitioner contends that the Board based its decision exclusively on the gravity of his crimes and, in so doing, failed to consider all of the factors mandated by Executive Law § 259-i. This contention is, however, belied by the record, which discloses that the Board did give consideration to the statutorily required factors before arriving at its determination, including

petitioner's positive institutional record and the supportive letters submitted on his behalf by members of the community.

Emphasis by the Board on the serious nature of a prisoner's crime is, in any event, permissible and does not by itself demonstrate that the Board's ultimate decision was vitiated by "irrationality bordering on impropriety," mandating annulment (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77). Petitioner's assertion that the Board's decision was influenced by its policy against granting parole to prisoners who are unlikely to become recidivists, because of the State's economic interest in keeping its prisons full, has been reviewed and found to be without merit (*cf., Matter of Ramahlo v Travis*, 290 AD2d 911, 912, *lv denied* 98 NY2d 601), as have the remaining issues raised on review.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.