■ In the Matter of CHRISTOPHER D. LUE-SHING, Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [754 NYS2d 96] —Carpinello, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 12, 2002 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner is serving an 8⅓ to 25-year prison sentence for manslaughter in the first degree and a concurrent 5 to 15-year prison sentence for assault in the first degree for killing a 16-year-old boy and injuring another with a semiautomatic rifle in a May 11, 1992 drive-by shooting. Petitioner fired at least 10 shots at the victims as they walked down the street because one of them purportedly stole a weapon from him. In December 2000, respondent Board of Parole denied petitioner's first request for parole release, noting that the crimes for which he was convicted were "heinous * * * showing no respect for human life" and that "discretionary release at this time would deprecate the severity of the instant offense[s] and diminish respect for the law." Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Supreme Court dismissed the petition and this appeal ensued. We now affirm.

Petitioner claims that the Board did not individually consider his parole request before denying same but instead simply implemented a standing policy of respondent Governor whereby all violent felony offenders, like himself, are being denied parole "en masse" without any consideration or application of the statutory factors outlined under Executive Law article 12-B. Upon our review of the record, however, we are satisfied that the Board's determination was the result of an exercise of discretion on its part, as opposed to a predetermination of the matter consistent with an alleged executive branch policy, and that the Board properly considered and applied the factors outlined under Executive Law § 259-i (2) (c) (A) before denying petitioner parole release (*see Matter of Perez v New York State Div. of Parole*, 294 AD2d 726; *Matter of Connelly v New York State Div. of Parole*, 286 AD2d 792, 793, *appeal dismissed* 97 NY2d 677; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 812-813, *lv denied* 97 NY2d 607). While the record does reflect an exemplary prison record on petitioner's part, this is but one factor to be considered by the Board inasmuch as "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined" (*Matter of Silmon v Travis*, 95 NY2d 470, 476).

In sharp contrast to petitioner's prison record is the seriousness of the offenses for which he remains incarcerated; notably, petitioner sought out the two victims and intentionally and repeatedly fired at them from his vehicle, fatally injuring a 16-year-old boy. Indeed, it is permissible for the Board to place emphasis on the serious nature of a prisoner's crimes in denying parole (*see Matter of Henderson v New York State Div. of Parole*, 295 AD2d 678, 679; *Matter of Killeen v Travis*, 291 AD2d 600, 600-601; *Matter of Collado v New York State Div. of Parole*, 287 AD2d 921). In short, petitioner has failed to demonstrate that the Board's determination was arbitrary or capricious in that it was affected by irrationality bordering on impropriety (*see Matter of Silmon v Travis, supra*).

Petitioner's remaining contentions, including his attack on the constitutionality of Executive Law § 259-c, have been considered and rejected as unpersuasive.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.