■ In the Matter of STANLEY MOORE, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [758 NYS2d 431] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Kane, J.), entered April 23, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent revoking petitioner's parole and denying his request for expungement of certain information from his parole file, and (2) from a judgment of said court, entered May 30, 2002 in Albany County, which denied petitioner's motion for reconsideration.

Following his conviction of rape in the first degree and burglary in the first degree, petitioner was sentenced to concurrent prison terms of 5 to 15 years. While released on parole, petitioner was charged with violating the terms of his parole following his arrest for two counts of burglary. He was subsequently sentenced to 12½ to 25 years for those crimes. His parole was also revoked after a hearing in September 1983. On October 31, 2001, petitioner sought to administratively appeal his 1983 parole revocation, but this request was denied by respondent on November 8, 2001. On November 23, 2001, respondent also denied petitioner's request to expunge certain allegedly misleading and inaccurate information from his parole file. In December 2001, petitioner commenced the instant CPLR article 78 proceeding challenging these determinations. Following joinder of issue, Supreme Court dismissed the petition. Thereafter, petitioner moved for reconsideration of Supreme Court's dismissal of that part of his petition seeking expungement. Supreme Court denied the motion and these appeals ensued.

In his pro se brief, petitioner asserts that he was denied due process because neither his counsel nor the Parole Board informed him of the final decision to revoke his parole in 1983 and he was thereby precluded from appealing that decision. He further contends that he was denied due process by respondent's refusal to expunge from his parole file certain misinformation concerning his role in the 1982 burglary. Initially, we

note that since the 1983 parole revocation decision, petitioner has reappeared before the Board a number of times and each time his request for release has been denied. In light of this, his challenge to the 1983 parole revocation decision is moot (*see Matter of Davila v Travis*, 283 AD2d 744 [2001], *lv denied* 97 NY2d 604 [2001]). Furthermore, we find no merit to petitioner's claim that the Board improperly refused to expunge from his parole file incorrect information that he entered the home of the burglary victims and caused them injury. Although this information was considered by the Board at the time of petitioner's 1996 appearance before it, the resulting determination denying his request for parole release was administratively annulled and a new hearing held (*see Matter of Moore v Travis*, 251 AD2d 940 [1998]). The record establishes that at his October 2000 hearing, the Board considered the fact that petitioner was the driver of the getaway vehicle and not a principal actor. In view of this, the Board has, in effect, already corrected any misinformation, and expungement is not necessary.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgments are affirmed, without costs.