■ In the Matter of BENJAMIN J. BRAMBLE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [761 NYS2d 544] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered August 30, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 8⅓ to 25 years following his conviction of the crime of manslaughter in the first degree (*People v Bramble*, 203 AD2d 5 [1994], *lv denied* 84 NY2d 823 [1994]). He appeared before respondent and was denied parole release in July 1999 and again in July 2001. Respondent's decision was affirmed upon his administrative appeal following which petitioner commenced this CPLR article 78 proceeding. The dismissal thereof by Supreme Court prompted this appeal.

Determinations made by respondent are not subject to review

so long as they comport with the applicable statutory requirements (*see* Executive Law § 259-i [5]; *see also Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704 [1998], *lv denied* 92 NY2d 812 [1998], *cert denied* 525 US 1183 [1999]). While judicial intervention would be warranted upon a showing that a determination exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]), such a showing has not been made here. Respondent met the relevant statutory requirements by considering the factors set forth in Executive Law § 259-i (5), placing particular emphasis upon the violent nature of petitioner's crime, his disregard for human life, and his prior history of criminal conduct (*see Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]; *Matter of Henderson v New York State Div. of Parole*, 295 AD2d 678, 679 [2002]). Respondent was under no obligation to discuss each factor it considered (*see Matter of Strickland v New York State Div. of Parole*, 275 AD2d 830, 831 [2000], *lv denied* 95 NY2d 768 [2000]). Petitioner's remaining arguments, including his assertion that his constitutional rights were violated by the denial of parole release, have been reviewed and found to be lacking in merit.

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.