Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 12, 2003 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
Petitioner is currently incarcerated following his 1991 conviction of the crimes of robbery in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree and criminal possession of a weapon in the second degree (People v Rosario [Gonzalez], 188 AD2d 422 [1992], lv denied 81 NY2d 886, 892 [1993]). The judgment of conviction arose out of an incident wherein petitioner and three accomplices robbed a clothing store, holding the 13 individuals present therein as hostages. Petitioner threatened some of the hostages with a loaded handgun as he robbed them of jewelry. He later pointed the weapon at one of the arresting police officers. Petitioner’s appearance before the Board of Parole in October 2001 resulted in the denial of his application, based in particular upon the violent nature of his crimes. He thereafter commenced this CPLR article 78 proceeding, the dismissal of which by Supreme Court prompted this appeal.
Determinations rendered by the Board are not subject to judicial review so long as they comport with the applicable statutory requirements (see Executive Law § 259-i [5]; see also Matter of Bramble v New York State Bd. of Parole, 307 AD2d 463 [2003]). The record herein discloses that the Board considered the relevant factors, as required by Executive Law § 259-i (5). Having made this showing, judicial intervention is only war *793 ranted in matters where the Board’s decision exhibits “irrationality bordering on impropriety” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]). The Board’s decision denying petitioner’s request for parole release is clearly rational under the circumstances presented here; hence, it will not be disturbed.
Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.