*860 Appeal from a judgment of the Supreme Court (McNamara, J.), entered May 6, 2003 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
Petitioner is serving prison sentences resulting from his 1989 conviction of the crimes of manslaughter in the first degree, attempted manslaughter in the first degree and assault in the second degree (see People v Angel, 185 AD2d 356 [1992]). The judgment of conviction arose out of an incident wherein petitioner fatally stabbed his girlfriend’s mother after having stabbed his girlfriend numerous times in the presence of her children. Petitioner appeared before the Board of Parole in November 2001, following which his application for parole release was denied. This CPLR article 78 proceeding ensued. Supreme Court dismissed the petition, prompting this appeal.
Determinations of the Board of Parole are not subject to review so long as they comply with the applicable statutory requirements (see Executive Law § 259-i [5]; see also Matter of Bramble v New York State Bd. of Parole, 307 AD2d 463 [2003]). “Judicial intervention is warranted only when there is a ‘showing of irrationality bordering on impropriety’ ” (Matter of Silmon u Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo, 50 NY2d 69, 77 [1980]). Such a showing has not been made here.
It is apparent from a review of the record that the relevant statutory requirements were considered in this matter, with emphasis placed upon the violent nature of petitioner’s crime and his “blatant disregard” for human life (see Matter of Lue-Shing v Pataki, 301 AD2d 827, 828 [2003], lv denied 99 NY2d 511 [2003]). It should be noted that although the Board articulated the most compelling factors influencing its decision, it was under no obligation to discuss every factor it considered (see Matter of Strickland v New York State Div. of Parole, 275 AD2d 830, 831 [2000], lv denied 95 NY2d 768 [2000]). Petitioner’s remaining arguments have been considered and found to be lacking in merit.
Cardona, PJ., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.