■ In the Matter of LENNY DURIO, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [770 NYS2d 897]—Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 27, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Since the September 2001 determination giving rise to this CPLR article 78 proceeding, petitioner has reappeared before the Board of Parole and his request for parole release has again been denied. Given petitioner's subsequent appearance before the Board, the instant matter is now moot and the appeal must be dismissed (*see Matter of Dunavin v Travis*, 308 AD2d 641 [2003]). Furthermore, we are unpersuaded by petitioner's assertion that this matter presents an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

We take this opportunity to observe that where appropriate the Board may give considerable weight to, or place particular emphasis on, the circumstances of the crimes for which a petitioner is incarcerated, as well as a petitioner's criminal history, together with the other statutory factors, in determining whether the individual "will live and remain at liberty without violating the law," whether his or her "release is not incompatible with the welfare of society," and whether release will "deprecate the seriousness of [the] crime as to undermine respect for [the] law" (Executive Law § 259-i [2] [c] [A]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476-477 [2000]; *Matter of Bramble v New York State Bd. of Parole*, 307 AD2d 463 [2003]; *Matter of Lue-Shing v Pataki*, 301 AD2d 827 [2003], *lv denied* 99 NY2d 511 [2003]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.