■ In the Matter of MICHAEL ERDHEIM, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [776 NYS2d 920]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered November 6, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently on work release, serving sentences imposed following his 1994 conviction of four counts of grand larceny in the second degree, one count of forgery in the second degree, one count of perjury in the first degree, and one count

---

of offering a false instrument for filing in the first degree (*People v Erdheim*, 235 AD2d 216 [1997], *lvs denied* 89 NY2d 1011, 1092 [1997]). The judgment of conviction arose out of incidents where petitioner, then a practicing attorney, misappropriated several hundred thousand dollars belonging to three clients. Petitioner appeared before the Board of Parole in December 2002, following which his application for early parole release was denied (*see* Correction Law § 803). That decision was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

If a Board determination complies with applicable statutory requirements, it is not subject to judicial review (*see* Executive Law § 259-i [5]; *Matter of Angel v Travis*, 1 AD3d 859, 860 [2003]). This Court will intervene "only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Rosario v Travis*, 1 AD3d 792 [2003]). The record reveals that the Board considered the relevant factors, and made a discretionary determination that there was a reasonable probability that petitioner could not live at liberty without violating the law (*see Matter of Macklin v Travis*, 274 AD2d 821, 821-822 [2000]). As we perceive nothing irrational in that finding, it will not be disturbed.

Petitioner next argues that he is entitled to presumptive release under Correction Law § 806. We need note only that the record does not indicate that petitioner applied for such release (*see* Correction Law § 806 [3]). Indeed, the statute did not take effect until well after petitioner's application in the matter before us (*see* L 2003, ch 62, part E, § 15). As we are limited in a CPLR article 78 proceeding to reviewing "issues actually raised before the administrative agency making the determination," petitioner is precluded from raising his argument regarding Correction Law § 806 (*Matter of Roggemann v Bane*, 223 AD2d 854, 856 [1996]).

We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.