■ In the Matter of STANLEY MOORE, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [777 NYS2d 778]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered September 9, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner's extensive criminal history and prior dealings with the Board of Parole are set forth in our decision in *Matter of Moore v Travis* (304 AD2d 1001 [2003], *affd* 2 NY3d 748 [2004]). He currently challenges the Board's denial of his request for parole release following an October 2002 hearing. Petitioner commenced this CPLR article 78 proceeding after the Division of Parole failed to act on his administrative appeal. Supreme Court found that the Board's denial of petitioner's request was not irrational and dismissed the petition. Petitioner now appeals.

Petitioner contends that the Board's determination is arbitrary and capricious because it relied on factually inaccurate information concerning his involvement in a 1982 robbery and burglary of an elderly couple in their home. Specifically, he argues that the Board characterized him as having entered the elderly couple's residence and victimized them, when, in fact, his participation was limited to driving the getaway vehicle. The transcript of the parole hearing, however, reveals that petitioner clarified his involvement on the record before the Board rendered its determination. In making its determination, the Board not only considered petitioner's involvement in these crimes while on parole, but also his significant criminal record and his numerous prison disciplinary infractions. Although the Board acknowledged his positive program accomplishments and work evaluations, it concluded that his release would pose a threat to the safety and welfare of the community. Inasmuch as the Board considered the relevant statutory factors (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Rosario v Travis*, 1 AD3d 792, 792 [2003]; *Matter of Bramble v New York State Bd. of Pa-*

*role*, 307 AD2d 463, 464 [2003], *appeal dismissed and lv denied* 1 NY3d 616 [2004]), and its determination does not exhibit "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *see Matter of Bramble v New York State Bd. of Parole, supra* at 464), it is not subject to further judicial review (*see Matter of Warren v New York State Div. of Parole*, 307 AD2d 493, 493 [2003]).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.