■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM MONREALE, Appellant. [792 NYS2d 902]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered March 7, 2003, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him to a term of 5 years' probation, unanimously affirmed.

Defendant knowingly, intelligently, and voluntarily waived his right to appeal, and this waiver encompasses his present claim that his conviction should be reduced to criminal trespass in the third degree (*see People v Hidalgo*, 91 NY2d 733 [1998]). In any event, we find no basis for such a reduction. Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.

■ In the Matter of KAZEL R. ANTHONY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [792 NYS2d 900]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered March 18, 2004, which denied the petition challenging respondent's denial of his application for release on parole, unanimously affirmed, without costs.

Petitioner did not demonstrate that respondent failed to consider the factors enumerated in Executive Law § 259-i (2) (c) (A) or afforded any of those factors excessive weight (*see Matter of Ramirez v New York State Div. of Parole*, 309 AD2d 574 [2003]). Respondent properly took into account the extremely serious nature of petitioner's crimes (*id.*), which was not outweighed by his apparently exemplary record of accomplishments while incarcerated (*Matter of Garcia v New York State Div. of Parole*, 239 AD2d 235, 240 [1997]; *People ex rel. Herbert v New York State Bd. of Parole*, 97 AD2d 128, 133 [1983]). Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.