■ In the Matter of ANTHONY CARDENALES, Appellant, v ROBERT DENNISON, as Chair of the New York State Division of Parole, Respondent. [830 NYS2d 152]—

Judgment (denominated an order), Supreme Court, Bronx County (Stanley Green, J.), entered June 28, 2006, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondent's determinations, dated May 3, 2005 and October 5, 2005, respectively, denying petitioner's parole application, unanimously affirmed, without costs.

Petitioner did not demonstrate that respondent failed to consider the factors enumerated in Executive Law § 259-i (2) (c) (A) or accorded any of those factors excessive weight (*see Matter of Anthony v New York State Div. of Parole*, 17 AD3d 301 [2005], *lv denied* 5 NY3d 708 [2005]). Respondent properly considered the seriousness of petitioner's crimes and did not act arbitrarily or capriciously when it denied the parole application on the ground that that factor was not outweighed by petitioner's exemplary institutional record, the many letters of support on his behalf, including a letter from the mother of the victim, his plans upon release, and his employability (*id.*).

Petitioner contends that respondent denied him parole because it has adopted a policy of denying parole to all violent felons. However, our review of the record persuades us that respondent's determination was "the result of an exercise of discretion on its part, as opposed to a predetermination of the matter consistent with an alleged executive branch policy" (*Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]).

We have considered petitioner's remaining contention and find it unavailing. Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.