■ In the Matter of TYRONE GIBBS, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [655 NYS2d 683] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 26, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Petitioner is an inmate at Woodbourne Correctional Facility in Sullivan County, serving a prison term of 9 to 18 years following his conviction in 1986 of the crime of robbery in the first degree. This crime was committed while petitioner was on parole from a sentence imposed for a prior weapons-related offense. In February 1995, respondent denied petitioner's application for parole and Supreme Court dismissed his subsequent application for CPLR article 78 review.

Decisions regarding release on parole are discretionary and will not be disturbed provided that they satisfy the statutory requirements (*see*, Executive Law § 259-i; *see also, Matter of Walker v New York State Div. of Parole*, 203 AD2d 757) and are not irrational (*see, Matter of Russo v New York State Bd. of*

*Parole*, 50 NY2d 69, 77). Our review of the record discloses that the requisite factors were considered in arriving at the determination under review. A special emphasis was placed on the heinous nature of petitioner's crime, i.e., pistol-whipping his victim prior to robbing him, as well as the fact that this crime took place while petitioner was on parole. Also noted was petitioner's history of criminal activity, including three prior convictions for crimes involving the use of a loaded handgun. In addition, positive aspects of petitioner's application were noted, including his successful adjustment to the correctional facility's environment and his participation in college courses. We conclude that the record fails to support petitioner's contention that respondent's determination should be annulled.

Mikoll, J. P., Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.