■ In the Matter of TIVIS T. HAWKINS, II, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [686 NYS2d 198] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered July 9, 1998 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is presently serving a prison term of 20 years to life following his 1968 conviction of the crimes of, *inter alia*, murder and attempted murder stemming from a brutal series of events wherein petitioner abducted a young couple, murdered the young woman and attempted to murder her male companion, who managed to escape. Petitioner unsuccessfully applied for parole release in 1987, 1989, 1991, 1993, 1995 and 1997. The record indicates that petitioner continually refused to discuss his criminal history at any of the parole release hearings. Petitioner's latest application for parole release was denied on April 29, 1997 and, following an administrative appeal, the Parole Board's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination on various grounds, which was dismissed by Supreme Court, prompting this appeal.

We affirm. Initially, we reject petitioner's principal argument that the Parole Board violated 9 NYCRR 8002.3 (b) by considering his criminal history in denying his request for parole release (*see, Matter of Marturano v Hammock*, 87 AD2d 732, *lv denied* 56 NY2d 506; *see also, Matter of Vasquez v New York State Parole Bd.*, 240 AD2d 823, 824). Contrary to petitioner's assertion, the Parole Board was required to consider, among other factors, the serious nature of petitioner's crimes and his prior criminal conduct (*see, Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790; *Matter of Cohen v Gonzalez*, 254 AD2d 556). Our review of the hearing indicates that the appropriate factors or guidelines were discussed and considered in denying petitioner's parole request and this determination was not rendered improper by the Parole Board's failure to "expressly discuss each of these guidelines in its determination" (*Matter of King v New York State Div. of Parole, supra,* at 791) or accord specific weight to a given guideline (*see, Matter of Walker v New York State Div. of Parole*, 203 AD2d 757, 759). Because the discretionary release decision was appropriately conducted, we find no reason to disturb it (*see, id.,* at 759).

Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Cardona, P. J., Mikoll, Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.