■ In the Matter of JESSE FULLER, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [726 NYS2d 600] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 27, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner has been in prison since 1992 serving concurrent prison sentences of 6 to 18 years for attempted murder in the second degree and 1 to 3 years for criminal possession of a weapon in the third degree. In February 2000, respondent denied petitioner's application for parole release. Supreme

Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that in denying petitioner's request for parole release respondent considered the relevant factors, including petitioner's certificate of earned eligibility, positive accomplishments in prison and postrelease plans, before concluding that based on the serious and violent nature of the crime, there was a reasonable probability that petitioner would not live and remain at liberty without violating the law and that his release is incompatible with the safety and welfare of the community (*see, Matter of Velasquez v Travis*, 278 AD2d 651). Notwithstanding petitioner's contrary argument, the fact that he received an earned eligibility certificate does not preclude respondent from denying his application for parole release (*see, Matter of Barad v New York State Bd. of Parole*, 275 AD2d 856, *lv denied* 96 NY2d 702).

Likewise, we reject petitioner's assertion that respondent's decision was insufficient to apprise him of the reasons for the denial of his application for parole release (*see,* Executive Law § 259-i [2] [a]; *Matter of Christianson v Rodriguez*, 176 AD2d 1134, *lv denied* 79 NY2d 752). Inasmuch as petitioner has failed to demonstrate that respondent's determination was affected by "a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), we perceive no basis upon which to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Barad v New York State Bd. of Parole, supra*). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.