■ In the Matter of LEONARDO DE LA CRUZ, Respondent, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Appellant. [781 NYS2d 798]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered February 9, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

As a result of his involvement in a driveby shooting in June 1993, petitioner was convicted after trial of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. He was sentenced to concurrent prison terms of 10 to 20 years on the attempted murder conviction and 5 to 10 years on the remaining convictions. Subsequently, petitioner applied for release on parole and a hearing before the Board of Parole was held in March 2003. At the conclusion of the hearing, the Board denied petitioner's request and this determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination, which Supreme Court annulled, finding that the Board improperly placed exclusive reliance on the circumstances of petitioner's crimes in denying him parole release. This appeal ensued.

Initially, we note that "[d]ecisions regarding release on parole are discretionary and will not be disturbed provided that they satisfy the statutory requirements" (*Matter of Gibbs v Travis*, 238 AD2d 649, 649 [1997]; *see* Executive Law § 259-i [5]; *Matter of Angel v Travis*, 1 AD3d 859, 860 [2003]). The record reveals that the Board considered relevant factors, other than petitioner's crimes, in making its determination. During the hearing, the Board noted petitioner's positive institutional achievements, including his participation in various prison programs and practice of religion, as well as his plans for employment and to reside with his family if released (*see* Executive Law § 259-i [2]

[c]). The Board weighed these factors against the seriousness of petitioner's crimes and his commission of them while on probation, as it was required to do where, as here, the sentencing court set the minimum period of imprisonment (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899, 900 [2000]). "[T]he Board was not required to give equal weight to each factor it considered in denying petitioner's parole request" (*Matter of Geames v Travis*, 284 AD2d 843 [2001], *appeal dismissed* 97 NY2d 639 [2001]; *see Matter of Patterson v New York State Bd. of Parole*, 202 AD2d 940, 940 [1994]) nor was it required to articulate every factor in its decision (*see Matter of Angel v Travis, supra* at 860). Insofar as the Board considered the appropriate factors and there was no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no basis for the annulment of the Board's determination (*see Matter of Thurman v Hodges*, 292 AD2d 872, 873 [2002], *lv denied* 98 NY2d 604 [2002]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.