■ In the Matter of Mujahid Farid, Appellant, v Brion Travis, as Chair of the New York State Board of Parole, et al., Respondents. [792 NYS2d 258]—

Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered June 16, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

In 1979, petitioner was convicted of attempted murder in the first degree as well as manslaughter in the first degree and is currently serving a lengthy state prison sentence. In April 2003, he made his sixth appearance before respondent Board of Parole for parole release. Following a hearing, the Board denied his request, based largely on the violent nature of his crimes, and he was scheduled to reappear before the Board in May 2005. After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding, which was subsequently dismissed by Supreme Court. Petitioner now appeals.

We affirm. It is well settled that parole release decisions lie within the discretion of the Board (*see Matter of Gibbs v Travis*, 238 AD2d 649, 649 [1997]) and they will not be disturbed absent a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Although the Board must comply with the requirements of Executive Law § 259-i (*see Matter of Rosario v Travis*, 1 AD3d 792, 792 [2003]), it need not articulate every statutory factor it considered in making its decision nor give each factor equal

weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of Marcelin v New York State Div. of Parole*, 308 AD2d 616, 617 [2003]). Here, the record reveals that the Board not only considered the violent nature of petitioner's crimes, involving the shooting death of the victim outside a New York City discotheque as well as the attempted shooting of a police officer, but also petitioner's criminal history, prison disciplinary record, educational accomplishments, program participation and release plans. Inasmuch as the Board considered the appropriate factors, we decline to disturb its determination. We have considered petitioner's remaining contentions and find them to be unavailing.

Peters, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.