■ In the Matter of ZAYD WW., Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [791 NYS2d 863]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 13, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is an inmate serving concurrent prison terms of 1½ to 4½ years for criminal possession of a weapon in the second degree, 3⅓ to 10 years for two counts of robbery in the first degree and 20 years to life for murder in the second degree. In January 2003, he appeared at his first parole hearing. At the conclusion of the hearing, the Board of Parole denied his request for release on parole and ordered him held for 24 months.* After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the proceeding, resulting in this appeal.

We affirm. "Decisions regarding release on parole are discretionary and will not be disturbed provided that they satisfy the statutory requirements" (*Matter of Gibbs v Travis*, 238 AD2d 649, 649 [1997] [citations omitted]). Notably, the Board is not required to give equal weight to or specifically articulate

---

* According to respondent, petitioner's parole hearing scheduled for January 19, 2005 has been postponed pending a decision in this appeal.

each factor it considered in its decision (*see Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433-434 [2003]; *Matter of Charlemagne v State of N.Y. Div. of Parole*, 281 AD2d 669, 670 [2001]). Here, the transcript of the proceedings reveals that the Board took into account the relevant statutory factors, including petitioner's positive accomplishments, disciplinary record, family support and release plans, and weighed them against the seriousness of his crimes (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Contrary to petitioner's claim, the recommendations of his former attorney were merely one factor for the Board to consider (*see* Executive Law § 259-i [1] [a]) and her representations did not establish that there was a breach of the plea agreement. Inasmuch as petitioner failed to demonstrate a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb the Board's determination.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.