■ In the Matter of JOHN FLOOD, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [791 NYS2d 864]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 16, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a state prison sentence of 15 years to life upon his 1985 conviction of murder in the second degree. In May 2003, he made his third appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied his request, citing the serious nature and circumstances of the crime, and ordered him held for 24 months. This determination was affirmed on administrative appeal. Petitioner thereafter commenced the instant CPLR article 78 proceeding which was dismissed by Supreme Court, resulting in this appeal.

Initially, we note that "[d]eterminations rendered by the Board are not subject to judicial review so long as they comport with the applicable statutory requirements" (*Matter of Rosario v Travis*, 1 AD3d 792, 792 [2003]; *see Matter of De La Cruz v Travis*, 10 AD3d 789, 789 [2004]). Moreover, the Board is not required to articulate each factor it considered in making its decision concerning parole release nor must it accord each factor equal weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of Marcelin v New York State Div. of Parole*, 308 AD2d 616, 617 [2003]). Contrary to petitioner's claim, the record here discloses that the Board complied with the mandates of Executive Law § 259-i in denying his request for parole release. Although it emphasized the serious and violent nature of the crime in its decision, the transcript of the hearing reveals that the Board weighed this against other factors, including petitioner's criminal record, institutional accomplishments, disciplinary record and release plans (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Inasmuch as there has been no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb the Board's determination. We have considered petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.