■ In the Matter of NOEL GAETAN, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [792 NYS2d 880]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered July 26, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

As a result of his 1994 conviction of manslaughter in the first degree and criminal possession of a weapon in the second degree, petitioner is currently serving concurrent prison terms of 8⅓ to 25 years and 5 to 15 years, respectively, in a state correctional facility. In July 2003, he made his second appearance before the Board of Parole seeking parole release. Following a hearing, the Board denied his request, noting petitioner's positive program achievements, but finding that the violent nature of his crime was more compelling. After this determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, resulting in this appeal.

We note that decisions of the Board concerning parole release will not be disturbed as long as they comply with the requirements of Executive Law § 259-i (*see Matter of De La Cruz v Travis*, 10 AD3d 789, 789 [2004]; *Matter of Rosario v Travis*, 1

AD3d 792, 792 [2003]). Upon reviewing the record, we find that the Board properly considered the factors enumerated in Executive Law § 259-i, including the seriousness of petitioner's crimes, his prison disciplinary record, his release plans and his program achievements (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Although the Board placed greater emphasis on the violent nature of the crime, it was not required to give equal weight to each of the statutory factors (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433-434 [2003]). Inasmuch as its determination does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), and given petitioner's continued attempts to justify his criminal behavior, we decline to disturb the Board's determination. Petitioner's remaining contentions, including his equal protection argument, have been considered and found to be without merit.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.