■ In the Matter of Cyrus McCorkle, Appellant, v New York State Division of Parole, Respondent. [796 NYS2d 259]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 28, 2004 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is serving an aggregate prison term of 14$^1/_3$ to 40 years following his 1984 convictions of two counts of attempted murder in the second degree, two counts of robbery in the first degree and one count of robbery in the second degree. In July 2003, petitioner made his fourth appearance before the Board of Parole. Petitioner's request for parole release was denied and he was ordered held for 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

It is well settled that absent a "showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citations omitted]), the discretionary decision of the Board will not be disturbed. Although the Board must consider various statutory factors (*see* Executive Law § 259-i), it is not required to discuss or give equal weight to each statutory factor it considered in reaching its decision (*see Matter of Gaetan v Travis*, 17 AD3d 893, 894 [2005]; *Matter of Farid v Travis*, 17 AD3d 754, 754-755

[2005]). Here, a review of the parole release interview establishes that the Board properly considered all relevant statutory factors, including the violent nature of petitioner's crimes, his prison disciplinary record, his plans upon release and his achievements while incarcerated. Inasmuch as the record reveals that the Board considered the appropriate statutory factors in determining that petitioner's release would not be in the best interest of society as there was a reasonable probability of recidivism, the decision is not subject to further judicial review (*see* Executive Law § 259-i [5]; *Matter of Parmes v Travis*, 17 AD3d 885, 886 [2005]; *Matter of Moore v Travis*, 8 AD3d 717, 717-718 [2004]). Petitioner's remaining contentions, including that the Board failed to consider the recommendation of the sentencing court and that the length of the hold is excessive, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.