In the Matter of DERRICK JAMES, Respondent, v CHAIRMAN OF THE NEW YORK STATE DIVISION OF PAROLE, Appellant.
[796 NYS2d 735]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered November 4, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison term of 12½ to 25 years imposed in January 1993 upon his convictions of robbery

in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree and assault in the first degree. In June 2003, petitioner made an initial appearance before the Board of Parole, which denied his request for parole release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Finding that the Board's decision effectively resentenced petitioner, Supreme Court annulled the determination and remitted the matter to the Board for a new hearing. Respondent appeals and we reverse.

A decision of the Board based on factors not found in Executive Law § 259-i is improper and requires a new hearing (see *Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]). We disagree with Supreme Court's decision that the Board considered a nonstatutory factor by determining that petitioner's continued incarceration serves the community's standards. First, the record demonstrates that the Board considered only appropriate factors, both positive and negative, including petitioner's use of aliases, his prison programming, his institutional work history, his disciplinary record, the nature of the underlying crime, his release plans and his apparent remorse. We cannot say that the Board's decision not to release petitioner was tainted by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Moreover, we view the language used by the Board in its decision as being only semantically different from those statutory factors that require the Board to consider whether petitioner's parole release would be "incompatible with the welfare of society" or "deprecate the seriousness of his crime as to undermine respect for [the] law" (Executive Law § 259-i [2] [c] [A]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.