■ In the Matter of MICHAEL VARGAS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [797 NYS2d 783]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered December 22, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

As the result of a 1979 incident in which he and another individual stole a bicycle after displaying a firearm, petitioner was convicted as a youthful offender of robbery in the first degree. Following this conviction, and while awaiting transfer to an upstate correctional facility, petitioner escaped from prison. While at large, he shot a reputed drug dealer five times, causing his death. He was subsequently convicted of escape in the first degree and murder in the second degree. Petitioner, serving a sentence of 20 years to life on the murder conviction, made applications for parole release in September 2001 and September 2003. Both applications were denied. Thereafter, he commenced this CPLR article 78 proceeding challenging the September 2003 denial. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

Initially, we note that respondent is vested with discretion to determine whether parole release is appropriate and its determination will not be disturbed as long as it complies with statutory requirements (*see Matter of Zayd WW. v Travis*, 17 AD3d

755, 755 [2005]; *Matter of Gibbs v Travis*, 238 AD2d 649, 649 [1997]). The factors that respondent must consider are enumerated in Executive Law § 259-i (1) (a) and (2) (c) (A); however, it need not articulate each statutory factor in its decision nor give each such factor equal weight (*see Matter of Parmes v Travis*, 17 AD3d 885, 886 [2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). Here, respondent recounted the details of the crimes committed by petitioner in its decision and concluded that he had a propensity for violence which made discretionary release inappropriate. Respondent also took into account petitioner's institutional achievements, disciplinary record, postrelease plans and expressions of remorse. Thus, we reject petitioner's assertion that respondent failed to consider the requisite statutory factors and do not find that its decision exhibited " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Nor do we find that respondent's decision was the predetermined product of a political policy against granting parole to violent felons (*see Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.