■ In the Matter of Francisco Mendez, Appellant, v New York State Board of Parole, Respondent. [797 NYS2d 782]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered November 16, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is currently serving concurrent prison terms of 25 years to life for murder in the second degree, 8⅓ to 25 years for arson in the first degree and 5 to 15 years for assault in the second degree as a result of his involvement in a 1976 fire at a social club which killed 25 people. His first application for parole release was denied in November 2001 and he was ordered held for an additional 24 months. He reappeared in October 2003 and was again denied release based largely upon the serious nature of his crime. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the denial. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed so long as they satisfy the statutory requirements (*see* Executive Law § 259-i; *Matter of Zayd WW. v Travis*, 17 AD3d 755, 755 [2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 789 [2004]). Respondent is not required to give each statutory factor equal weight nor to articulate each and every factor it considered in making its decision (*see Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433-434 [2003]). Although respondent here noted that petitioner's release would "deprecate the serious nature of the instant offence [*sic*] in which so many innocent victims lost their lives," it also expressly considered petitioner's positive institutional record in its decision. Moreover, during the parole hearing, respondent took note of petitioner's positive program accomplishments, expression of remorse, postrelease plans and supportive letters from staff. In view of this, we cannot conclude that the denial of his application evinces " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Atkins v New York State Bd. of Parole*, 289 AD2d 667, 668 [2001]). Petitioner's remaining contentions, including his argument that he is the victim of a conservative political climate, have been considered and are unpersuasive.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.