■ In the Matter of LEEDE A. DE LAGARDE II, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [803 NYS2d 820]—

Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 8, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1987 of murder in the second degree after he fatally shot a man following a dispute over a debt. He was sentenced to 15 years to life in prison. In January 2004, he made his fourth appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied his request and ordered him held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and petitioner now appeals.

Parole release decisions are discretionary and will not be disturbed provided that they comply with the requirements of Executive Law § 259-i (*see Matter of Mendez v New York State Bd. of Parole*, 20 AD3d 742, 743 [2005]; *Matter of Zayd WW. v Travis*, 17 AD3d 755, 755 [2005], *lv denied* 5 NY3d 706 [2005]). We reiterate that the Board is not required to specifically set forth each statutory factor it considered in making its decision nor must it accord each factor equal weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). Here, the transcript of the parole hearing reveals that, in addition to the circumstances of the crime, the Board took into account petitioner's encouraging program participation, his good disciplinary record, postrelease employment prospects as an optician and proposed living arrangements with family. Upon review, however, we cannot say that its decision denying petitioner release on parole evinced

" 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Nor can we conclude that this decision is the result of an executive policy of denying parole to violent felons (*see Matter of Cartagena v New York State Bd. of Parole*, 20 AD3d 751, 752 [2005]; *Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970 [2005]). Therefore, we decline to disturb Supreme Court's dismissal of the petition.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.