■ In the Matter of DANIEL JONES, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [804 NYS2d 485]—

---

Spain, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered November 9, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence imposed upon his convictions after a jury trial for the crimes of attempted rape in the first degree, two counts of burglary in the second degree and two counts of sexual abuse in the first degree. These convictions stem from two distinct incidents, one involving a six-year-old girl and the other involving an eight-year-old girl. In January 2004, petitioner appeared before the Board of Parole for the second time and was denied parole release. Upon administrative appeal, the denial was upheld, prompting petitioner to commence this proceeding pursuant to CPLR article 78 challenging the Board's determination. Finding that the Board had adhered to statutory requirements and that the determination was not irrational, Supreme Court dismissed petitioner's application. Petitioner now appeals.

Our review of the record reveals that the Board complied with the requirements of Executive Law § 259-i, thus its determination is not subject to further judicial review (*see Matter of Mendez v New York State Bd. of Parole*, 20 AD3d 742, 743 [2005]; *Matter of Flood v Travis*, 17 AD3d 757, 757 [2005]). While the Board's decision emphasizes the seriousness of the crimes and petitioner's criminal history, the hearing transcript demonstrates that the Board also considered petitioner's institutional record, educational accomplishments and release plans (*see* Executive Law § 259-i; *Matter of Mendez v New York State Bd. of Parole, supra* at 743; *Matter of Flood v Travis, supra* at 757). Contrary to petitioner's contention, the record does not indicate that the Board used his refusal—on the basis that it would require him to admit his guilt—to participate in a sex offender counseling program against him in reaching its determination. In any event, the Board may consider a petitioner's continued lack of remorse when making a parole determination, even where the petitioner has maintained his or her innocence following conviction (*see Matter of Silmon v Travis*, 95 NY2d 470, 478 [2000]).

Nor does the record support petitioner's contention that the Board's decision was affected by "irrationality bordering on impropriety" because certain documents in the record erroneously reflect that petitioner was convicted of attempted rape in the first degree pursuant to subdivision (1) rather than subdivision (3) of Penal Law § 130.35 (*Matter of Russo v New York*

*State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Other documents upon which the Board relied contain the correct information and petitioner was able to address and resolve any misconception at the hearing (*see Matter of Wilson v Board of Parole*, 284 AD2d 846, 847 [2001]; *Matter of Morel v Travis*, 278 AD2d 580, 581 [2000], *lv dismissed and denied* 96 NY2d 752 [2001]).

Finally, in light of petitioner's criminal history of committing sex crimes against children and the fact that his present convictions are violent felony offenses, we conclude that each of the challenged special conditions imposed by the Board in the event that petitioner is granted conditional release is rationally related to preventing his commission of further offenses (*see Matter of Ahlers v New York State Div. of Parole*, 1 AD3d 849, 849-850 [2003]; *Matter of Dickman v Trietley*, 268 AD2d 914, 916 [2000]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.