◼ In the Matter of RONNELL COOMBS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [808 NYS2d 491]—

Appeal from a judgment of the Supreme Court (McCarthy, J.), entered July 14, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner currently is serving a prison sentence of 7½ to 15 years following his 1998 conviction of manslaughter in the second degree for shooting the victim in the head during an altercation. Following the denial of his initial application for parole release and unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board of Parole's determination. Supreme Court dismissed the petition and this appeal ensued.

The record demonstrates that the Board considered the relevant statutory factors, including petitioner's receipt of an earned eligibility certificate, excellent educational and institutional accomplishments while incarcerated, disciplinary infractions and plans upon release. Although the Board emphasized the serious nature of the instant offense, which was committed while petitioner was on parole from two other shooting incidents, and petitioner's criminal history in concluding that petitioner's "developing pattern of violence" and "flagrant disregard for human life" rendered his release on parole incompatible with the welfare of the community, we find no abuse of discretion in this regard, particularly as the Board is not required to give equal weight to or discuss every factor it considered in denying a parole request (*see Matter of Defino v Travis*, 18 AD3d 1079, 1080

[2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). Having considered the relevant statutory factors, and there being no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), further judicial review of that discretionary determination is precluded (*see* Executive Law § 259-i [5]; *Matter of Porter v New York State Bd. of Parole*, 282 AD2d 843, 844 [2001]). Petitioner's remaining contentions, including his assertions that the determination was a result of an unwritten governmental policy to deny violent felons parole and that he was prejudiced by an alleged delay in the receipt of the parole interview transcript, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.