In the Matter of WILLIAM PROUT, Respondent, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Appellant. [809 NYS2d 261]—

Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 20, 2005 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1979, when petitioner was 18 years old, he was involved in an incident that resulted in the death of two people. He subsequently pleaded guilty to murder in the second degree and was sentenced to 15 years to life in prison. In November 2003, after 25 years of incarceration, petitioner made his sixth appearance for release on parole. After a hearing, the Board of Parole denied his request and ordered him held for an additional 24 months. After certain procedural irregularities were corrected, the determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Supreme Court granted the petition, finding that the Board did not apply the proper statutory standards in denying parole, and ordered a de novo parole hearing. Respondent appeals.

Initially, we note that the overriding standards governing parole release decisions are set forth in Executive Law § 259-i (2) (c) (A), which provides, in pertinent part, that: "Discretionary

release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering *if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for [the] law"* (emphasis added). The statute goes on to delineate specific statutory factors that the Board must consider in applying the above standards and determining whether parole should be granted or denied (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Although the Board is not required to give all such factors equal weight or to articulate each factor considered in making its decision (*see Matter of Wan Zhang v Travis,* 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis,* 10 AD3d 789, 790 [2004]), it must comply with the statutory requirements (*see Matter of Farid v Travis,* 17 AD3d 754, 754-755 [2005], *appeal dismissed* 5 NY3d 782 [2005]).

Here, the Board's decision discloses that, after generally considering various statutory factors, it denied petitioner release concluding that "discretionary release is *contrary to the best interest of the community*" and "is not appropriate, as this deprived [*sic*] indifference to life is not consistent with community standards and interests, and *release would not serve society*" (emphasis added; *compare Matter of McCorkle v New York State Div. of Parole,* 19 AD3d 791 [2005]; *Matter of Fuller v New York State Bd. of Parole,* 284 AD2d 853 [2001]). The Board invites the Court to interpret what is meant by that nonstatutory, conclusory language. Although we have done so in the past (*see Matter of James v Chairman of N.Y. State Div. of Parole,* 19 AD3d 857, 858 [2005]; *Matter of Flecha v Russi,* 221 AD2d 780, 781 [1995], *lv denied* 87 NY2d 806 [1996]), the Board's terse decision, lacking any analysis of statutory and regulatory criteria (*see* Executive Law § 259-i [2] [c]), makes it impossible for this Court to give meaning to the language used by the Board. While some cases cited by the dissent utilize "best interest" language (*see Matter of Moore v Travis,* 8 AD3d 717 [2004]; *Matter of Ganci v Hammock,* 99 AD2d 546, 547 [1984]; *People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 130 [1983]), those cases do so in conjunction with an explanation of the Board's decision relying on statutory factors. Here, on the other hand, because there is no such explanation, the courts are left to speculate as to whether the Board imposed a higher standard for release—to wit, that petitioner had some burden to demonstrate that his release would somehow enhance society. Accordingly, we find that Supreme Court properly annulled the

determination and remanded to the Board for a new hearing and decision consistent with the statutory criteria.

Mercure, J.P. and Peters, J., concur.

Carpinello, J. (dissenting). We respectfully dissent. We cannot subscribe to the majority's finding that it is impossible to give meaning to the Board of Parole's decision denying petitioner parole. Nor do we find that the Board improperly applied the statutory standards such that a de novo parole hearing is warranted. Accordingly, we would reverse Supreme Court's judgment.

We begin by noting that there is no requirement that the Board discuss all of the statutory factors in its written determination, as long the "appropriate factors [are] discussed and considered" at the parole hearing (*Matter of Hawkins v Travis,* 259 AD2d 813, 813 [1999], *appeal dismissed* 93 NY2d 1033 [1999]; *see Matter of King v New York State Div. of Parole,* 83 NY2d 788, 791 [1994]; *Matter of Charlemagne v State of N.Y. Div. of Parole,* 281 AD2d 669, 670 [2001]). Nor, as noted by the majority, is the Board required to give each statutory factor equal weight (*see Matter of Wan Zhang v Travis,* 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis,* 10 AD3d 789, 790 [2004]). Furthermore, in reviewing challenges to a Board determination, courts are not limited solely to its decision, but can consider as well the transcript of the entire hearing to determine whether the proper statutory factors were considered (*see Matter of Mendez v New York State Bd. of Parole,* 20 AD3d 742, 743 [2005]; *Matter of Flood v Travis,* 17 AD3d 757 [2005]).

Here, the record reveals that, in denying parole, the Board made a proper inquiry into petitioner's institutional record and release plans, as well as the heinous nature of the crime. Indeed, the Board must consider the seriousness of the underlying crime in making its determination (*see Matter of Farid v Travis,* 17 AD3d 754 [2005], *appeal dismissed* 5 NY3d 782 [2005]). Such consideration was particularly apt here in that petitioner poured gasoline into a subway token booth which ignited resulting in the death of two clerks.

Finally, we are satisfied that the language employed by the Board reasonably comports with the standards governing parole release as set forth under Executive Law § 259-i (2) (c) (A).* Notably, the Board is not required to literally conform its decision to the language outlined in the statute (*see Matter of James*

---

* In denying petitioner parole, the Board specifically concluded that "discretionary release is contrary to the best interest of the community" and "is not appropriate, as this deprived [*sic*] indifference to life is not consistent with community standards and interests, and release would not serve society."

*v Chairman of N.Y. State Div. of Parole,* 19 AD3d 857, 858 [2005] [upholding a Board determination that used language "semantically different" from Executive Law § 259-i (2) (c) (A)]). To the extent that the majority finds that the Board's "nonstatutory, conclusory language" differs from the statutory standard, prior case law reveals otherwise. Most notably, when the Board determined that an inmate's release was "contrary to the best interest of the community," that determination was upheld as compliant with Executive Law § 259-i (*see People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 130 [1983]; *see also Matter of Moore v Travis,* 8 AD3d 717, 717 [2004] ["release would pose a threat to the safety and welfare of the community"]; *Matter of Ganci v Hammock,* 99 AD2d 546, 547 [1984] [release would be "contrary to the best interests of society"]).

Accordingly, since we find that the Board's determination to deny parole release was neither arbitrary or capricious nor irrational (*see Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000]), we would reverse the judgment of Supreme Court and dismiss the petition.

Crew III, J., concurs. Ordered that the judgment is affirmed, without costs.