■ In the Matter of JON PABON, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [809 NYS2d 673]—

Appeal from a judgment of the Supreme Court (Bradley, J.),

entered July 14, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Following his 1984 convictions of robbery in the first degree and murder in the second degree, petitioner was sentenced to concurrent prison terms of 8⅓ to 25 years and 15 years to life. On April 6, 2004, he made his fourth appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied him release and ordered him held for an additional 24 months. The determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and Supreme Court dismissed the petition. This appeal ensued.*

We affirm. The record reveals that the Board took into consideration the relevant statutory factors in denying petitioner's request for release, including not only the serious nature of his crimes, but also his prison disciplinary record, program accomplishments and postrelease plans (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole*, 20 AD3d 668, 669 [2005]). The Board was not required to give all factors equal weight (*see Matter of Carter v Dennison*, 19 AD3d 974, 975 [2005]; *Matter of McCorkle v New York State Div. of Parole*, 19 AD3d 791, 791 [2005]). Although petitioner asserts that respondent submitted inaccurate information which led Supreme Court to conclude that this was his second appearance before the Board when, in fact, it was his fourth, the record does not substantiate this claim or reveal that the Board considered the number of appearances in denying his request. Inasmuch as petitioner has not demonstrated that the Board's decision evinces " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it. We have considered petitioner's remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner also made a motion for reconsideration of Supreme Court's decision, which was denied.