■ In the Matter of LOUIS YOURDON, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [820 NYS2d 366]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered March 9, 2006, in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate sentence of 40 years in prison for his convictions of various sex and drug-related offenses. Following his fifth appearance before the Board of Parole in December 2004, petitioner's request for parole release again was denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that the Board's decision fails to comport with the statutory requirements of Executive Law § 259-i. A review of the Board's decision and the parole interview reveals that the Board considered all relevant statutory factors, including petitioner's criminal history, disciplinary record, program participation and plans upon release, in determining that release would be incompatible with the safety of the community (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Pearl v New York State Div. of Parole*, 25 AD3d 1058 [2006]). Although the Board placed particular emphasis upon the violent nature of petitioner's sex offenses, which involved two vulnerable victims, it was not required to discuss or give equal weight to every factor it considered in denying petitioner's request (*see Matter of Giles v Dennison*, 31 AD3d 920, 920-921 [2006]). Absent a "showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), further judicial review is precluded (*see Matter of Coombs v New York State Div. of Parole*, 25 AD3d 1051, 1052 [2006]). Petitioner's remaining contentions, including his claims that Supreme Court substituted its judgment for that of the Board and that the Board's determination was premised upon an unwritten executive policy to deny violent felons release on parole, have been reviewed and found to be unpersuasive.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.