■ In the Matter of THOMAS PORTER, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [822 NYS2d 679]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 15, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1982 of the crimes of murder in the second degree and manslaughter in the first degree and was sentenced, respectively, to concurrent terms of 15 years to life and 8⅓ to 25 years in prison. In January 2005, he made his seventh appearance before the Board of Parole for parole release. Following a hearing, his request was denied and he was ordered held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we note that the Board is required to consider the statutory factors set forth in Executive Law § 259-i in making decisions regarding parole release (*see Matter of Prout v Dennison*, 26 AD3d 540, 541 [2006]). It is not, however, required to discuss each factor or to accord each factor equal weight (*see Matter of Coombs v New York State Div. of Parole*, 25 AD3d 1051, 1051 [2006]). Notably, parole release decisions are discretionary and will not be disturbed unless petitioner demonstrates " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Tatta v Dennison*, 26 AD3d 663, 663 [2006], *lv denied* 6 NY3d 714 [2006]). Here, the record discloses that the Board considered not only the serious nature of petitioner's crimes, but also the lack of improvement in his prison disciplinary record, his many program accomplishments and his postrelease plans in denying his request for parole release. Inasmuch as the Board took into account the proper statutory factors, we cannot conclude that its decision is irrational and, therefore, we decline to disturb it.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.