■ In the Matter of Victor Valerio, Appellant, v Robert Dennison, as Chair of the New York State Board of Parole, et al., Respondents. [825 NYS2d 574]—

---

Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 31, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving an aggregate prison sentence of 11 to 24 years for robbery in the first degree (two counts), attempted robbery in the first degree and criminal possession of a weapon in the third degree. In March 2005, petitioner made his initial appearance before respondent Board of Parole and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. The parole hearing interview and the Board's decision establish that the Board appropriately considered the relevant statutory factors as set forth in Executive Law § 259-i (2) (c) (A), including the nature of the instant offenses, petitioner's lack of a criminal history, positive institutional and educational achievements, letters of recommendation, excellent disciplinary record and plans to reintegrate into society upon release. Although the Board placed particular emphasis on the violent nature of the instant offenses, which it found demonstrated petitioner's "propensity toward violence" and indicated that there was a "reasonable probability that [petitioner] would continue to commit crimes and place the public at risk" if released, the Board "was not required to equally weigh or discuss each statutory factor or reward petitioner's achievements while incarcerated" (*Matter of Webb v Travis*, 26 AD3d 614, 615 [2006], *lv denied* 7 NY3d 709 [2006]; *see Matter of Yourdon v New York State Div. of Parole*, 32 AD3d 1065, 1066 [2006]; *Matter of Coombs v New York State Div. of Parole*, 25 AD3d 1051 [2006]). Inasmuch as the record does not support petitioner's claim that the Board's decision evinces "irrationality bordering on impropriety," judicial intervention is precluded (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; *see Matter of Baez v Dennison*, 25 AD3d 1052, 1053 [2006], *lv denied* 6 NY3d 713 [2006]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.