■ In the Matter of MILLPOND MANAGEMENT, INC., et al., Appellants, v TOWN OF ULSTER ZONING BOARD OF APPEALS, Respondent. [839 NYS2d 355]—

Kane, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 27, 2006 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for an area variance.

On July 18, 2005, the Town Board of the Town of Ulster

passed a resolution requiring a minimum lot size of 15,000 square feet for the construction of a single-family home on lots served by public water but not public sewers. The resolution and resulting change in zoning did not go into effect until July 28, 2005. On July 25, 2005, an individual who is also an officer of petitioner M & J Realty Services, Inc. entered into a contract to purchase a 12,065 square foot lot in the Town which is served by public water but not public sewers. The individual transferred the lot to petitioners, who later applied for an area variance allowing them to construct a residence on the lot. At a public hearing on the variance application, petitioners' engineer spoke in favor of the application and four neighbors spoke in opposition. Respondent denied the variance, with the only reason listed in its notice of decision being that the difficulty was self-created. Petitioners commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court dismissed the petition, prompting petitioners' appeal.

Petitioners were entitled to have respondent's determination annulled. In rendering a determination concerning an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the potential benefit to the applicant against any detriment to the neighborhood's or community's health, safety and welfare (see Town Law § 267-b [3] [b]; Matter of Ifrah v Utschig, 98 NY2d 304, 307 [2002]). In addition, the zoning board is required to consider five statutory factors (see Town Law § 267-b [3] [b]). While one of those factors is "whether the alleged difficulty was self-created," the statute explains that this factor is relevant "but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b] [5]; see Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead, 45 NY2d 105, 108 [1978]).

Our judicial review of this administrative determination is limited solely to the legitimacy of the grounds invoked by respondent as the basis for its decision (see Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals, 216 AD2d 680, 681 [1995]; see also Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982]; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679, 681 [2002]). Respondent's written determination only mentioned one factor.* In view of respondent's failure to adequately consider all of the relevant factors and engage in the

* We agree with Supreme Court's decision not to consider affidavits submitted by two of respondent's members to the extent that they addressed grounds beyond the one set forth in respondent's determination, as these post hoc rationalizations are not permitted.

required balancing test, and considering that conflicting positions concerning the application were raised at the hearing, we remit for respondent to reconsider petitioners' application with these statutory requirements in mind (*see Matter of Fischlin v Board of Appeals of Town of Philipstown,* 176 AD2d 50, 53 [1992]; *see also Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, supra* at 682).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.