In the Matter of JOSE VAELLO, Respondent, v PAROLE BOARD DIVISION OF STATE OF NEW YORK, Appellant. [851 NYS2d 745]—

Spain, J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered July 31, 2007 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

In 1987, petitioner was convicted of murder in the second degree, criminal possession of a weapon in the second degree, attempted criminal possession of a controlled substance in the third degree and attempted criminal possession of a forged instrument in the second degree. He was sentenced to concurrent prison terms, the longest of which was 20 years to life on the murder charge. In February 2006, the Board of Parole

distinguishable inasmuch as the rental herein did not last for the entire term of the annually renewable policy.

denied petitioner's request for parole release and directed that he be held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this proceeding. Supreme Court ruled in petitioner's favor, vacated the Board's decision and directed a de novo parole hearing on the ground that the Board failed to adequately set forth a statutory basis for its determination. On the Board's appeal, we affirm.

Although parole release determinations are discretionary and entitled to deference, they must satisfy statutory requirements (*see* Executive Law § 259-i; *Matter of Mendez v New York State Bd. of Parole*, 20 AD3d 742 [2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789 [2004]). For example, a decision of the Board based on factors not found in Executive Law § 259-i is improper and requires a new hearing (*see Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]; *Matter of James v Chairman of N.Y. State Div. of Parole*, 19 AD3d 857 [2005]). The first sentence of Executive Law § 259-i (2) (c) (A) mandates that "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct . . . but after considering if there is a reasonable probability that, if such inmate is released, he [or she] will live and remain at liberty without violating the law, and that his [or her] release is not incompatible with the welfare of society and will not so deprecate the seriousness of his [or her] crime as to undermine respect for [the] law." The statute goes on to list criteria for the Board to consider in making this determination.

In its determination, the Board did not identify any of the standards set forth in the statute; it merely listed the crimes for which petitioner was convicted, noted one prior conviction, and then summarily stated that it was denying release because "[a]ll factors considered . . . you are a poor candidate for release to the community." Although the Board is not required to give all statutory factors equal weight or to articulate each factor considered in making its decision (*see Matter of De La Cruz v Travis*, 10 AD3d at 789), it must present some statutory rationale for its decision (*see Matter of Prout v Dennison*, 26 AD3d 540, 541 [2006]; *cf. Matter of Mendez v New York State Bd. of Parole*, 20 AD3d at 743). The use of "nonstatutory, conclusory language," such as that employed by the Board here, impermissibly leaves the reviewing court to guess at the basis for the Board's denial (*Matter of Prout v Dennison*, 26 AD3d at 541). Inasmuch as "judicial review of [an] administrative determination is limited solely to the legitimacy of the grounds invoked by [the administrative body] as the basis for its decision," we run

the risk of impermissibly relying on a ground not intended by the Board if we are left in the position to glean its intent from vague, inconclusive language (*Matter of Millpond Mgt., Inc. v Town of Ulster Zoning Bd. of Appeals*, 42 AD3d 804, 805 [2007]; *see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982]; *Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals*, 216 AD2d 680, 681 [1995]). Here, the dearth of any analysis of the statutory or regulatory criteria "makes it impossible for this Court to give meaning to the language used by the Board" (*Matter of Prout v Dennison*, 26 AD3d at 541). Accordingly, we hold that Supreme Court correctly determined that a new hearing and decision consistent with the statutory criteria are required (*see Matter of King v New York State Div. of Parole*, 83 NY2d at 791; *cf. Matter of Silvero v Dennison*, 28 AD3d 859, 859-860 [2006]).

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.