Appeal from a judgment of the Supreme Court (Donohue, J.), entered March 12, 2008 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
In 1988, petitioner was convicted of attempted murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the second degree after he shot a woman to death and shot at her male companion while petitioner was intoxicated. He was sentenced to an aggregate term of 162/3 to 40 years in prison for these crimes. In February 2007, petitioner made his third appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied his request and ordered him held for an additional 24 months. Petitioner’s administrative appeal was never decided and he commenced this CPLR article 78 proceeding. Following *879 joinder of issue, Supreme Court dismissed the petition. This appeal ensued.
We affirm. Initially, it is well settled that parole release decisions are discretionary and will be upheld as long as they comply with the statutory requirements of Executive Law § 259-i (see Matter of De Lagarde v New York State Div. of Parole, 23 AD3d 876, 876 [2005]; Matter of Mendez v New York State Bd. of Parole, 20 AD3d 742, 743 [2005]). The record here discloses that the Board considered the relevant statutory factors, including the seriousness of petitioner’s crimes, his lack of criminal record, his program accomplishments and his postrelease plans, in denying his request for parole release. Although the Board did not specifically mention the sentencing minutes that referenced the fact that petitioner experienced blackouts when he was drinking, the record reveals that the minutes were properly before the Board. We note that the Board was not required to give equal weight to or specifically articulate each factor considered in making its decision (see Matter of Stasinski v Travis, 18 AD3d 1106, 1107 [2005], lv denied 5 NY3d 707 [2005] ; Matter of Gamez v Dennison, 18 AD3d 1099, 1099 [2005]; Matter of De La Cruz v Travis, 10 AD3d 789, 789 [2004]).
Moreover, while the Board’s transcribed disposition mistakenly referenced one of petitioner’s convictions to be for murder in the second degree, its written disposition correctly noted that the subject conviction was for attempted murder in the second degree. Consequently, the Board’s decision was not based upon erroneous information requiring annulment (see Matter of Baez v Dennison, 25 AD3d 1052, 1053 [2006], lv denied 6 NY3d 713 [2006] ; Matter of Parmes v Travis, 17 AD3d 885, 886 [2005]). We have considered petitioner’s remaining contentions and find them to be unavailing. Inasmuch as the Board’s decision does not evince “ ‘irrationality bordering on impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we decline to disturb it.
Cardona, RJ., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.