■ In the Matter of BERNARD J. DOBRANSKI, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [920 NYS2d 918]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered September 22, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In October 1980, following the shooting of a deputy sheriff, petitioner was convicted of attempted murder in the first degree and sentenced to a prison term of 20 years to life. In November 2009, petitioner made his sixth appearance before the Board of Parole and his request for release was denied. When petitioner's administrative appeal was not timely decided, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Contrary to petitioner's contention, the Board did not rely solely on the violent nature of the instant crime in denying release, but rather considered the other required statutory factors, including petitioner's educational accomplishments, institutional and disciplinary records and postrelease plans (see *Matter of Abdur-Raheem v New York State Bd. of Parole*, 78 AD3d 1412, 1413 [2010]; *Matter of McAllister v New York State Div. of Parole*, 78 AD3d 1413, 1414 [2010], *lv denied* 16 NY3d 707 [2011]). However, the Board was entitled to place particular emphasis on the serious nature of petitioner's crime (see *Matter of Abdur-Raheem v New York State Bd. of Parole*, 78 AD3d at 1413; *Matter of Karlin v New York State Div. of Parole*, 77 AD3d 1015, 1015 [2010]). In addition, the Board did not err in taking into consideration petitioner's lack of insight or remorse when making its determination (see *Matter of Ward v New York State Div. of Parole*, 26 AD3d 712, 713 [2006], *lv denied* 7 NY3d 702 [2006]; *Matter of Jones v New York State Div. of Parole*, 24 AD3d 827, 828 [2005], *lv dismissed* 6 NY3d 826 [2006]). As such, we cannot say that the Board's decision exhibited " 'irrationality bordering on impropriety' " (*Matter of Karlin v New York State Div. of Parole*, 77 AD3d at 1015, quoting *Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citations omitted]).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.