■ In the Matter of BERNARD PITTS, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, et al., Respondents. [834 NYS2d 587]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered October 6, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following his 1995 conviction of rape in the first degree and rape in the third degree, petitioner was sentenced, respectively, to concurrent terms of 8⅓ to 25 years and 1 to 3 years in prison. In June 2005, he made his second appearance before the Board of Parole for parole release. At the conclusion of the hearing, petitioner's request was denied, and he was ordered held for an additional 24 months. That determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, it was dismissed by Supreme Court. This appeal ensued.

Contrary to petitioner's claim, the record reveals that the Board took into account the statutory factors outlined in Executive Law § 259-i in denying his request for parole release. The Board not only considered the serious nature of petitioner's crimes but also his many program accomplishments, including his participation in the sex offender program, as well as his relatively clean disciplinary record and postrelease plans (see Matter of Jones v New York State Div. of Parole, 24 AD3d 827, 828 [2005], lv dismissed 6 NY3d 826 [2006]). In addition, there is no merit to petitioner's contention that the Board committed an error of fact by stating that he was convicted of sexual abuse, as the record clearly reveals that the Board used these terms in the context of describing petitioner's rape convictions (see Matter of Davis v New York State Bd. of Parole, 35 AD3d 1112, 1113 [2006]). Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety,' " there is no reason to disturb it (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.