■ In the Matter of ANIBAL ORTIZ, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [855 NYS2d 304]—

Appeal from a judgment of the Supreme Court (Devine, J.), entered August 22, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of, among other crimes, sodomy in the second degree. As a result, he was sentenced to 2 to 6 years in prison. In May 2006, petitioner made his first appearance before the Board of Parole seeking parole release. The Board denied his request and ordered him held for an additional 24 months. Petitioner then exhausted his administrative remedies and commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. Our review of the record confirms that, in denying petitioner's application for parole release, the Board considered the pertinent statutory factors (see Executive Law § 259-i [2] [c] [A]). In addition to the seriousness of petitioner's criminal conduct and his failure to accept responsibility for that conduct, the Board took into account petitioner's lack of a criminal history, as well as his institutional record and postrelease plans (see Matter of Pitts v Dennison, 40 AD3d 1184, 1185 [2007]). Accordingly, inasmuch as petitioner's remaining contentions, to the extent preserved, are unavailing, we conclude that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]).

Cardona, P.J., Carpinello, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.