Matter of Hancher v Travis (2003 NY Slip Op 51483(U))

[*1]

Matter of Hancher v Travis

2003 NY Slip Op 51483(U)

Decided on December 10, 2003

Supreme Court Of The State Of New York, Westchester County 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 17, 2015; it will not be published in the printed Official Reports.

Decided on December 10, 2003

Supreme Court Of The State Of New York, Westchester County 
In the Matter of the Application of JOHN HANCHER, NEW YORK STATE FRATERNAL ORDER OF POLICE, intervenor, and ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., intervenor, Petitioners,DECISION & ORDER For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules
against
BRION D. TRAVIS as CHAIRMAN, NEW YORK BOARD OF PAROLE, GLEN S. GOORD, as COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, SUPERINTENDENT, BEDFORD HILLS CORRECTIONAL FACILITY and NEW YORK STATE BOARD OF PAROLE, Respondents.
Index #14330/03

ELIOT F. BLOOM, ESQ.
Attorney for Petitioner John Hancher
and Petitioner - Intervenor New York State Fraternal Order of Police
114 Old Country Road
Mineola, New York 11501
BUNYAN & BAUMGARTNER, LLP.
Attorneys for Petitioner - Intervenor
Rockland County Patrolmen's Benevolent Association
500 Bradley Hill Road
Blauvelt, New York 10913
ELIOT SPITZER
ATTORNEY GENERAL OF THE STATE OF NEW YORK
[*2]
Attorney for respondents
120 Broadway
New York, New York 10271
By: MARIA BAROUS HARTOFILIS

KENNETH H. LANGE, J.
This is a proceeding pursuant to Article 78 of the Civil Practice Law and Rules wherein petitioners seek an order of this Court annulling and reversing a determination of the respondent, New York State Board of Parole, dated August 20, 2003 granting parole release to Kathy Boudin, an inmate in the custody of the New York State Department of Correctional Services.
On October 20, 1981, Kathy Boudin was part of a group of individuals who perpetrated an armed robbery of a Brinks Corporation armored truck which had been making currency pick-ups from banks in Rockland County. During the course of the robbery, one of the Brinks guards was shot and killed. After fleeing the scene, the robbers switched getaway vehicles and were riding in a "U-Haul" truck. The truck, and another car which was accompanying it, were stopped by members of the Nyack Police Department. Ms. Boudin exited the passenger side door of the cab of the truck, with her hands in the air. She appeared scared, apparently conveying the impression to the police that they had stopped the wrong vehicle. After the police relaxed their guard somewhat, they were subjected to a barrage of gunfire which resulted in the deaths of a Sergeant and a police office and the wounding of a detective.
In 1984, Kathy Boudin pleaded guilty to Murder in the second degree and Robbery in the first degree for her involvement in these crimes. She was sentenced to a term of imprisonment of twenty years to life for her murder conviction and twelve and one-half years to twenty-five years for robbery in the first degree. The sentences were ordered to be served concurrently. At the time of her conviction, the sentencing Court (Ritter, J.) stated for the record, "When we negotioated and bargained for the imposition of the minimum period, I did that fully recognizing parole authorities would release Ms. Boudin at the expiration of that period."
Ms. Boudin first appeared before the parole board in August, 2001 and was denied parole. The board ruled that she be held for an additional twenty-four months. She brought an Article 78 proceeding in the Supreme Court of the State of New York, Albany County challenging this determination. That Court granted the petition and ordered a de novo hearing. Ms. Boudin received a de novo hearing on May 14, 2003. After the de novo hearing, Ms. Boudin was again denied parole release.
In August, 2003, her next scheduled re-appearance date, Ms. Boudin appeared before the parole board again. At the conclusion of this hearing, parole release was granted. This determination, granting her release, is the determination being challenged in this proceeding.
The petitioner contends that the parole board failed to properly consider the statutory guidelines set forth in Executive Law §259-i, that the conduct of the hearing violated lawful procedures and that the decision to grant parole release was irrational bordering on impropriety.
[*3]
The respondents have moved to dismiss the petition pursuant to Civil Practice Law and Rule (CPLR) §§ 1001(a), 3211(a)(7), 3211(a)(10) and 7804(f) on the grounds that the petitioners failed to name a necessary party, that the petitioners lack standing to initiate this proceeding and that the discretionary determination of the Parole Board was made in accordance with the law and was not arbitrary and capricious.
This proceeding was commenced by the filing of an order to show cause and petition on September 16, 2003. The papers submitted to the Court listed John Hanchar as the petitioner and the New York State Fraternal Order of Police and the Rockland County Patrolmen's Benevolent Association, Inc. as intervenor-petitioners. The Rockland County Patrolmen's Benevolent Association, Inc. has also moved for permission to intervene in this proceeding. The New York State Fraternal Order of Police has not filed a separate motion seeking permission to intervene, however, in the affirmation of the attorney for the petitioner attached to the order to show cause, the attorney requests, in the alternative, that the New York State Fraternal Order of Police be permitted to intervene.
The issue of standing has been treated as a common-law concept by New York courts. Chamber of Commerce v. Pataki, 100 NY 2d 801. As the Court of Appeals noted at page 812;
Standing to sue is critical to the proper functioning of the judicial
system. It is a threshold issue. If standing is denied, the pathway
to the courthouse is blocked. The plaintiff who has standing, however,
may cross the threshold and seek judicial redress. It is difficult to
draw an exquisitely sharp line separating the worthy litigant from
one who would generate a lawsuit to advance someone else's cause.
The rules governing standing help courts separate the tangible from the
abstract or speculative injury, the genuinely aggrieved from the
judicial dilettante or amorphous claimant.

In order to establish standing, a petitioner must show that the proposed action will have a harmful effect upon them which is different from that suffered by the public at large and that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute under which the government agency has acted. Society of Plastics Industry v. County of Suffolk , 77 NY 2d 761, Long Island Pine Barrens Society, Inc. v. Town of Southamption, 301 AD 2d 528, Concerned Citizens For Open Space v. White Plains,
 ___ Misc 2d ____, 2003 WL 22283389 (Supreme Court, Westchester County, 2003).
While a relative of a crime victim may be more emotionally affected by the crime than a member of the general public, that increased emotional effect is not sufficient to confer standing. While statutes have been enacted to permit crime victims the right to be heard at certain proceedings (see Criminal Procedure Law §380.50), their status as crime victims has not been held to confer standing to them at any proceeding. Executive Law §259-i sets forth the procedures to be followed by the board of parole. Executive Law §259-i(2)(c)(A) provides that when considering whether or not to grant discretionary parole release, the board must consider "any statement made to the board by the crime victim or the crime victim's representative where [*4]the crime victim is deceased..." The statute does not authorize any further participation in the process by a crime victim or the representative of a victim. It does not serve to confer standing to a victim who desires to challenge the determination. While the Court does not question whether the families of the victims of crime continue to suffer real emotional effects, there has not been a showing of any legal right that is affected by the determination which they seek to challenge. The Court finds that John Hanchar does not have standing to bring this proceeding.
Since John Hanchar lacks standing, it follows that the petitioners New York State Fraternal Order of Police and the Rockland County Patrolmen's Benevolent Association, Inc. also lack standing. In order for an association or organization to have standing, it must demonstrate: (1) that one or more of its members has standing to sue; (2) that the interests advanced here are sufficiently germane to the petitioner's purposes to satisfy the court that petitioner is an appropriate representative of those interests; and (3) that the participation of the individual members is not required to assert the claim or to afford petitioner complete relief. Society of Plastics Industry v. County of Suffolk , supra, ; In Re Matter of Aeneas McDonald Police Benevolent Association v. Geneva, 92 NY 2d 326, 331. Neither organization has met these requisites. As none of the petitioners has standing to bring this proceeding, the proceeding must be dismissed.
Even if the court were to find that the petitioners had standing to bring this proceeding, they would not prevail. The Court has reviewed the minutes of the Parole hearing. The transcript, which exceeds 50 pages, reveals that the parole commissioners conducted an in-depth and thorough examination of all of the pertinent considerations prior to granting parole release. All of the statutory factors to be considered as set forth in Executive Law §259-i were considered by the board. The Board need not refer to each and every one of the requisite factors in its decision nor give them equal weight. King v. N.Y. State Division of Parole, 190 AD 2d 423, aff'd 83 NY 2d 788. The petitioners maintain that Boudin failed to admit her guilt at the hearing and justified her actions as an accident and a mistake. A reading of the transcript belies this argument. At one point, she states "And I looked at what we had done as a terrible thing. I mean, I felt I was horrified that I had grown up wanting to be a doctor and here I am and three people are dead, and I'm responsible for this. And I just said, I don't want to be. I don't want to be. I don't want to in any way defend what I was just part of." Later during the hearing, she states, "...[t]here's people, good and well intentioned people who think that I would take some consolation from the fact that I didn't personally kill anybody, but I don't feel that way. I feel that I am responsible, because I felt the robbery was a right thing to do and because I was involved in the escape and I feel it makes me responsible for everything that happened from it."
Parole release is a discretionary function of the board. Matter of Russo v. N.Y.S Board of Parole, 50 NY 2d 69. The determination of the board is to be afforded deference, and absent a clear showing that the decision was arbitrary and capricious, it is not to be disturbed.
The reviewing court may not substitute its own judgement for that of the administrative agency. Matter of Cowan v. Kern, 41 NY 2d 591.
The petitioners argue that the hearing was not conducted in accordance with lawful procedure, citing instances in the record where Boudin was asked leading questions. There is no statutory or other provision which precludes a finder of fact from asking leading questions at an administrative proceeding. The Court finds nothing improper about the manner [*5]in which the hearing was conducted.
In conclusion, the court finds that, even if the petitioners had standing to bring this proceeding, they have failed to make the requisite showing that the decision was arbitrary and capricious or in any way improper. Accordingly, the cross-motion of the respondent's to dismiss the proceeding is granted. In as much as the proceeding is dismissed, the petitioner's cross-motion to join Kathy Boudin as a respondent is rendered moot.
The Court considered the following papers in connection with this application: (1) order to show cause dated September 16, 2003, together with petition verified September 16, 2003, affirmation of Elliot F. Bloom, dated September 15 2003, and attached exhibits; (2) respondent's cross-motion dated October 3, 2003, affirmation in support of cross-motion of Maria Barous Hartofilis, dated October 3, 2003, and attached exhibits; (3) Respondent's memorandum of law; (4) Motion of Rockland County Patrolmen's Benevolent Association, Inc. to intervene dated September 23, 2003, together with affidavit of Brent Newbury sworn to September 23, 2003, petition verified September 23, 2003, and attached exhibits; (5) Memorandum of Law in support of Motion of Rockland County Patrolmen's Benevolent Association, Inc. to intervene; (6) Cross-motion of Motion of Rockland County Patrolmen's Benevolent Association, Inc. to join Kathy Boudin as a respondent, together with affirmation of Joseph P. Baumgartner, dated October 4, 2003; (7) Affirmation of Maria Barous Hartofilis, dated October 6, 2003 in opposition to motion to join Kathy Boudin as a respondent; (8) Reply affirmation of Eliot F. Bloom, dated October 7, 2003.
The foregoing constitutes the decision and order of this Court.
Dated:White Plains, New York
December 10, 2003

KENNETH H. LANGE
 Acting J.S.C.
ELIOT F. BLOOM, ESQ.
Attorney for Petitioner John Hancher
and Petitioner - Intervenor New York State Fraternal Order of Police
114 Old Country Road
Mineola, New York 11501
BUNYAN & BAUMGARTNER, LLP.
Attorneys for Petitioner - Intervenor
Rockland County Patrolmen's Benevolent Association
500 Bradley Hill Road
Blauvelt, New York 10913
[*6]
ELIOT SPITZER
ATTORNEY GENERAL OF THE STATE OF NEW YORK
Attorney for respondents
120 Broadway
New York, New York 10271
By: MARIA BAROUS HARTOFILIS
Decision Date: December 10, 2003