■ In the Matter of ALFREDO CARTAGENA, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [797 NYS2d 781]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered January 14, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In May 1982, petitioner and an accomplice were involved in the gunpoint robbery of a restaurant which resulted in petitioner's conviction of two counts of robbery in the first degree and one count of robbery in the second degree. Shortly thereafter, in June 1982, petitioner and three accomplices robbed the restaurant's owner and, during the robbery, the owner was killed. In connection with that incident, petitioner was convicted of murder in the second degree, robbery in the first degree and robbery in the second degree. In 1984, he was sentenced to concurrent prison terms of 15 years to life on the murder conviction, $8^{1}/_{3}$ to 25 years on the first degree robbery

---

conviction and 5 to 15 years on the second degree robbery conviction. In connection with the May 1982 incident, he was sentenced to concurrent prison terms of 6 to 18 years on the first degree robbery convictions and 4 to 12 years on the second degree robbery conviction, to run consecutive to the other sentences. Petitioner made his first appearance before respondent for parole release in September 2003. Following a hearing, his request for parole was denied, based largely upon the violent nature of his crimes, and he was ordered held for an additional 24 months. After the denial was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

Based upon our review of the record, we do not find that respondent's denial of parole release evinces " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), such as to warrant annulment of its discretionary determination. Respondent was not required to give equal weight to the statutory factors enumerated in Executive Law § 259-i or to specifically articulate each factor considered in its determination (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). The record reveals that, in making its determination, respondent took into account petitioner's positive program accomplishments, disciplinary record, potential deportation and postrelease plans, in addition to the seriousness of his crimes, thus complying with the statutory requirements (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). There is no merit to petitioner's claim that the denial was premised on an executive policy to deny parole to all violent felons (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]; *Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]) or to his other contentions.

Mercure, J.P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.