▆ In the Matter of TIMOTHY GUTKAISS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [857 NYS2d 755]—

▆▆▆▆▆▆▆▆

Appeal from a judgment of the Supreme Court (Devine, J.), entered August 21, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is currently serving a prison sentence of 8⅓ to 25 years for his 1993 conviction after a jury trial of sodomy in the first degree. The charges stemmed from an incident in which petitioner engaged in oral sexual conduct with his six-year-old nephew. In July 2006, petitioner appeared for the third time before the Board of Parole and his request for parole release was denied. Petitioner filed an administrative appeal but, when he did not receive a timely response, he commenced the instant CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

Contrary to petitioner's contentions, the Board's decision was not rendered irrational by its characterization of his criminal conduct as representing a "propensity for extreme violence." As petitioner concedes, sodomy in the first degree is a violent felony offense (see Penal Law §§ 70.02, 130.50). It was not irrational for the Board to determine that granting petitioner early release would "deprecate the seriousness of [his] violent act and undermine respect for the law." Although petitioner has successfully completed many institutional programs designed to address and manage violent tendencies, "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined" (Executive Law § 259-i [2] [c] [A]). The record reflects that the Board considered all the relevant statutory factors, including petitioner's positive institutional programming, minimal disciplinary record and postrelease plans and goals (see Executive Law § 259-i) and petitioner has not demonstrated that the Board's decision was irrational to the point of impropriety (see Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; Matter of

*Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152-1153 [2008]). Thus, the Board's decision should not be disturbed.

Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Spain, Carpinello, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.