■ In the Matter of DANIEL MARCUS, Appellant, v GEORGE ALEXANDER, as Chair of the Board of Parole, Respondent. [862 NYS2d 414]—

Appeal from a judgment of the Supreme Court (Devine, J.), entered December 24, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In April 1990, petitioner was sentenced to 15 years to life in prison for his conviction upon his plea of guilty of murder in the second degree. Petitioner made his second appearance before the Board of Parole in September 2006. The Board denied petitioner's request for parole release and ordered him held an additional 24 months. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the decision. Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's contention, there are sufficient facts in the Board's written decision and the record as a whole to support its decision to deny petitioner's application for parole based on the nature and circumstances of his crime (*compare Matter of Wallman v Travis*, 18 AD3d 304, 307-308 [2005]). The Board's decision here reflects that it considered the relevant statutory factors, such as petitioner's positive institutional programming accomplishments and his improved disciplinary record, as well as the seriousness of the crime (*see* Executive Law § 259-i; *Matter of Gutkaiss v New York State Div. of Parole*, 50 AD3d 1418, 1418-1419 [2008]). The Board was not required to give each factor equal weight and was free to place greater emphasis on the heinous nature of this murder for hire which petitioner committed by shooting the victim at point-blank range in the back of the head (*see Matter of Gardiner v New York State Div. of Parole*, 48 AD3d 871, 872 [2008]). In light of this and upon our review of the record as a whole, we cannot agree that the Board's decision "evidenced irrationality border-

ing on impropriety" (*Matter of Romer v Dennison*, 24 AD3d 866, 868 [2005], *lv denied* 6 NY3d 706 [2006]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.