■ In the Matter of ALFREDO CARTAGENA, Appellant, v GEORGE ALEXANDER, as Chair of the Division of Parole, Respondent. [882 NYS2d 735]—

Kane, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered September 17, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

The facts underlying petitioner's crimes, subsequent convictions and a prior appearance before the Board of Parole are more fully set out in a previous decision of this Court (*Matter of Cartagena v New York State Bd. of Parole*, 20 AD3d 751 [2005], *lv dismissed* 6 NY3d 741 [2005]). The instant appeal involves petitioner's third appearance before the Board. His request was denied and, after petitioner's administrative appeal was deemed exhausted, he commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition and this appeal ensued.

Petitioner first contends that he was deprived of a fair hearing inasmuch as the Board did not consider the minutes from his October 1984 sentencing. Pursuant to Executive Law § 259-i (1) (a) (i) and (2) (c) (A), when a sentencing court fixes the minimum sentence, the Board is required to consider, among other items, any recommendation of the sentencing court (*see Matter of McLaurin v New York State Bd. of Parole*, 27 AD3d 565, 565-566 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Edwards v Travis*, 304 AD2d 576, 576 [2003]). A problem arose here

because the minutes from petitioner's October 1984 sentencing could not be located and, thus, reviewed by the Board. However, we find that any prejudice was alleviated by the Board's diligent review of the materials that were available to it. The record demonstrates that the Board considered the minutes from petitioner's April 1984 sentencing, pursuant to which he received his most severe sentence of 15 years to life for his conviction for second degree murder. Notably, the October 1984 sentencing court chose to impose petitioner's sentences consecutively to those imposed in April 1984, raising the inference that the sentencing minutes would not have included a favorable parole recommendation. Additionally, the Board considered petitioner's institutional record, his release plans and his deportation order. In light of this thorough review, we find that the Board's inability to review the October 1984 sentencing minutes was harmless and, thus, we cannot say that the Board's decision " 'evidenced irrationality bordering on impropriety' " (*Matter of Marcus v Alexander*, 54 AD3d 476, 476-477 [2008], quoting *Matter of Romer v Dennison*, 24 AD3d 866, 868 [2005], *lv denied* 6 NY3d 706 [2006]).

Nor are we persuaded by petitioner's contention that the Board's determination was premised on the erroneous belief that he used a weapon in the commission of his crimes. During the hearing, the Board unequivocally stated its understanding that petitioner was not the person who possessed or fired the gun. The Board's decision reflects that it considered the relevant statutory factors, such as petitioner's satisfactory disciplinary record, program completions, letters of support and release plans, but chose to place greater weight on the serious nature of petitioner's crime, which resulted in the victim's death (*see Matter of Marcus v Alexander*, 54 AD3d at 476-477; *Matter of Schettino v New York State Div. of Parole*, 45 AD3d 1086, 1086 [2007]). Finally, there is no merit to petitioner's claim that the Board's decision was the result of an executive policy to deny parole to violent felons (*see Matter of Duffy v Dennison*, 34 AD3d 1083, 1084 [2006]; *Matter of Cartagena v New York State Bd. of Parole*, 20 AD3d at 752).

Cardona, P.J., Spain, Rose and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.