◼ In the Matter of ADRIAN LOPEZ, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [939 NYS2d 731]—

Appeal from a judgment of the Supreme Court (Cerio, J.), entered June 20, 2011 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner, a pro se inmate, filed a verified petition on May 19, 2011 to commence a CPLR article 78 proceeding challenging a determination of the Board of Parole rendered September 30, 2010. Supreme Court issued an order directing petitioner to file an amended petition to establish compliance with the applicable statute of limitations, although it is not clear from the record to which statute of limitations the court was referring. After petitioner filed an amended petition, the court dismissed the petition for failure to comply with the statute of limitations. Petitioner now appeals.

We reverse. Although the record reflects that petitioner administratively appealed from the September 30, 2010 parole decision, the record contains no information about the resolution of that appeal, including when, if ever, petitioner received a response. Thus, assuming without deciding that Supreme Court properly raised sua sponte the issue of statute of limitations, the record is insufficient to permit intelligent appellate review of Supreme Court's dismissal of the petition on that basis. For that reason, the matter must be remitted to Supreme Court with the direction that respondent be put on notice by petitioner and the record be further developed.

Peters, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.